GARRETT, J.,
concurs.
hi concur in the result reached by the majority opinion, and I also agree with the reasons provided in the concurrence. In addition, I note for the record that the Court Appointed Special Advocate (CASA) Program was appointed by the court on December 9, 2015, to advocate for the best interests of the child in this “Child in Need of Care Matter.” The order of assignment of the CASA worker was made shortly thereafter. Both court orders expressly provide:
All reports of the CASA shall be directed to the presiding Judge and will be made available to counsel for the parties, subject to a protective order *987 upon the request of the CASA, a party or party’s attorney, or by the action of the Judge.
[[Image here]]
The CASA' may be called as a witness in the proceedings by any party or by the Court and may request of the Court the opportunity to appear as a witness.
The lengthy CASA report dated March 7, 2016, was addressed to the then-presiding judge for the proceedings set to go before the court on March 15, 2016. The report was also filed into the suit record on March 8, 2016. Pursuant to the court order and La. Ch. C. art. 424.7, copies of the report were provided to all counsel and DCFS. Presumably, all involved should have reviewed the report in preparation for the court hearing that was held on March 15, 2016. Why the CASA volunteer was not called as a witness is an unanswered question from .the record before us. However, the contents of the report surely were available to everyone involved- in lathis case well in advance of the hearing, and perhaps this explains why neither parent testified in this matter.